In a probate proceeding in which Sylvia Sylvester, the decedent’s surviving spouse, petitioned pursuant to EPTL 5-1.1-A (d) (2) for leave to file a late notice of election against the decedent’s estate, the petitioner appeals from an order of the Surrogate’s Court, Kings County (Lopez Torres, S.), dated October 26, 2011, which, upon a decision of the same court dated July 21, 2011, denied the petition.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition for leave to file a late notice of election against the decedent’s estate is granted.
*904 The petitioner (hereinafter the surviving spouse) and the decedent were married for 49 years, until the decedent’s death in November 2004. The decedent’s last will and testament devised the marital residence to his paramour.
Preliminary letters testamentary (see SOPA 1412) were issued on April 19, 2006, to the executor named in the will. On November 29, 2006, the surviving spouse executed a notice of election (see EPTL 5-1.1-A), which was served on the attorney for the executor on December 6, 2006. The attorney for the executor acknowledged receipt of the notice of election by letter dated December 12, 2006. However, unbeknownst to the surviving spouse, the notice of election was not filed with the Surrogate’s Court (cf. EPTL 5-1.1-A [d] [1]).
Thereafter, frustrated with what she characterized as “ineffective representation” by her attorney, the surviving spouse retained a new attorney on October 30, 2007. Her new attorney, allegedly due to the onset of a serious medical condition, only discovered in November 2008 that the surviving spouse’s notice of election had not been filed with the Surrogate’s Court. After further delay, attributed, in part, to the expiration of the temporary letters testamentary, the surviving spouse, by petition dated April 17, 2009, petitioned for leave to file a late notice of election pursuant to EPTL 5-1.1-A (d) (2). Letters testamentary were issued on May 28, 2009, after the decedent’s last will and testament was proved before the Surrogate’s Court (see SCPA 1414). In an order dated October 26, 2011, the Surrogate’s Court denied the surviving spouse’s petition for leave to file a late notice of election.
EPTL 5-1.1-A (d) (1) sets forth the specific procedures to be followed in exercising a right of election. “If the spouse defaults in filing such election within the time provided in subparagraph [d] (1) of this paragraph, the surrogate’s court may relieve the spouse from such default and authorize the making of an election . . . provided that no decree settling the account of the personal representative has been made and that twelve months have not elapsed since the issuance of the letters” (EPTL 5-1.1-A [d] [2]). “An application for relief from the default and for an extension of time to elect shall be made upon a petition showing reasonable cause and on notice to such persons and in such manner as the surrogate may direct” (id.).
Here, the surviving spouse demonstrated “reasonable cause” for her failure to timely file her notice of election by establishing, inter alia, that the delay was caused by law office failure, and she further established the absence of prejudice to any party (EPTL 5-1.1-A [d] [2]; cf. Matter of Cavallo, 98 AD3d *905 1115, 1116 [2012]). Accordingly, under the circumstances of this case, the Surrogate’s Court improvidently exercised its discretion in denying the petition for leave to file a late notice of election against the decedent’s estate (see EPTL 5-1.1-A [d] [1], [2]; cf. Matter of Cavallo, 98 AD3d at 1116). Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.